**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MELISSA T. DAUGHERTY, SB# 227451
  E-Mail: Melissa.Daugherty@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants, THE YOUNG
TURKS, INC., CENK UYGUR, JACK
GERARD, JUDITH BENEZRA AND
ANA KASPARIAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOREY PALMER,<br><br>                Plaintiff,<br><br>        vs.<br><br>THE YOUNG TURKS, INC., a Delaware Corporation; CENK UYGUR, an individual; JACK GERARD, an individual; JUDITH BENEZRA, an individual; ANA KASPARIAN, an individual; and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441(a); DEMAND FOR JURY TRIAL**<br><br>**[FEDERAL QUESTION JURISDICTION AND SUPPLEMENTAL JURISDICTION]**<br><br>LASC Case No.    20STCV43481<br><br>Action Filed:    November 12, 2020<br>Trial Date:      None Set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants THE YOUNG TURKS, INC.;

CENK UYGUR; JACK GERARD; JUDITH BENEZRA; and ANA KASPAIAN

("Defendants"), by and through their counsel, hereby remove the above-captioned

action from the Superior Court of the State of California for the County of Los

Angeles to the United States District Court for the Central District of California

pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1367(a).  In support of this Notice of

Removal, Defendants state:

        1.      On or about November 12, 2020, Plaintiff JACOREY PALMER

4846-3503-4834.2

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331.1367(a) AND 1441(a)

("Plaintiff"), by and through his counsel, filed a Complaint for Damages ("Complaint") in the Superior Court of the State of California for the County of Los Angeles, entitled *Jacorey Palmer v. The Young Turks, Inc., a Delaware Corporation; Cenk Uygur, an individual; Jack Gerard, an individual; Judith Benezra, an Individual; Ana Kasparian, an individual; and Does 1 through 50, inclusive*, LASC Case No. 20STCV43481 ("State Court Action").  The Complaint asserts the following causes of action:  (1) race discrimination (Gov. Code § 12940, *et seq.*); (2) harassment based on race (Gov. Code § 12940, *et seq.*); (3) associational sex/gender discrimination (Gov. Code § 12940, *et seq.*); (4) associational sex/gender harassment (Gov. Code § 12940, *et seq.*); (5) failure to take reasonable steps to prevent harassment & discrimination in the workplace (Gov. Code § 12940, *et seq.*); (6) retaliation in violation of FEHA (Gov. Code § 12940, *et seq.*); (7) wrongful termination in violation of FEHA; (8) wrongful termination in violation of public policy; (9) retaliation in violation of California Labor Code § 1102.5; (10) intentional infliction of emotional distress; (11) defamation by libel (Cal. Civ. Code §§ 44, 45, 45a); and (12) defamation by slander (Cal. Civ. Code §§ 44, 46).

2.    On November 19, 2020, Lauren Abrams, Esq. (counsel for Plaintiff) emailed Melissa Daugherty, Esq. (counsel for Defendants) the Complaint for Damages along with a Notice and Acknowledgment of Receipt, Summons, Civil Cover Sheet & Addendum, Notice of Case Assignment, and the Court's First Amended General Order.

3.    The U.S. Supreme Court has affirmed that a defendant need only to plausibly allege the requirements for federal jurisdiction to remove.  That is, a defendant only needs to file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal."  "A statement 'short and plain' need not contain evidentiary submissions."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014).)

4.    As more fully set out below, this case is properly removed to this Court

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4846-3503-4834.2

2

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331.1367(a) AND 1441(a)

under 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal and because this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367(a).

## I.      THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

5.      Defendants electronically received the Summons and Complaint for Damages on November 17, 2020.  Accordingly, this Notice of Removal is timely filed within the thirty (30) day time limit for removal set forth in 28 U.S.C. § 1446(b).

6.      The Superior Court of the State of California for the County of Los Angeles is located in the Central District of California.  Thus, venue is proper under 28 U.S.C. § 84, because this is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).

7.      No previous application has been made for the relief requested herein.

8.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant in this action are attached hereto as **Exhibits "A" through "F".**

9.      To Defendants' knowledge, no other defendant(s) have been either named or served in the instant action and, thus, the consent requirement under 28 U.S.C. § 1446(b)(2) is not applicable.

10.      Defendants will promptly serve this Notice of Removal on Plaintiff and will promptly file a copy with the Clerk of the Superior Court for the County of Los Angeles where the action is currently pending, as required by 28 U.S.C. § 1446(d).

## II.      THE PREMISE OF THIS ACTION

11.      Months after filing two actions with the National Labor Relations Board which are still pending,  PALMER now takes a shot at repurposing his Unfair Labor Practices ("ULP") claims into a civil action against his former employer and four employees individually. The allegations, while shrouded in racial and gender "harassment" and "discrimination" claims, are nothing other than allegations of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

retaliation for engaging in purported concerted activity; conduct which is adamantly disputed by Defendants.

12.     The allegations as pled are not only subsumed by the pending ULP charges and/or subject to supplemental jurisdiction, but the irony of the assertions is stunning. The gravamen of PALMER's complaint is that after several years of uneventful employment at TYT, he suddenly served as a mouthpiece for an under-represented population of employees at TYT -- employees who purported wanted to unionize, employees who were purportedly offended by comments made on-air upwards of two decades ago, and on behalf of women who he apparently believed could not speak for themselves. But this was simply not so; in fact, it is two such women, on whose behalf he purports to speak that he now has the audacity to sue. PALMER was not terminated for speaking on behalf of employees.  His termination resulted from complaints about him *by* employees, some on whose behalf he foolishly claimed to speak.

**III.     REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION AND SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S ACTION**

13.     Pursuant to 28 U.S.C. § 1441(a), defendants may remove actions initiated in state court to federal court where the district court has original jurisdiction over the claims asserted.

14.     This Court has original "federal question" jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331.

15.     Prior to filing the State Court Action, Plaintiff filed a Charge Against Employer with the National Labor Relations Board (the "NLRB") on March 5, 2020 (the "Board Charge").  A true and correct copy of the Board Charge is attached to the Request for Judicial Notice as **Exhibit "G."**

16.     The Board Charge alleges that Plaintiff's discharge violated Sections

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

8(a)(1) and (3) of the National Labor Relations Act (the "NLRA").  Specifically, Plaintiff alleges that he was discharged "for engaging in concerted activities."

17.   On June 23, 2020, Plaintiff amended his Board Charge (the "Second Board Charge").  A true and correct copy of the Second Board Charge is attached to the Request for Judicial Notice as **Exhibit "H."**

18.   The Second Board Charge expands on the allegations to include threats, discipline in violation of the NLRA, interrogating employees in violation of the NLRA, promulgating a rule in violation of the NLRA, and then discharging Plaintiff for "engaging in Union and protected concerted activities."

19.   The Board Charge and Second Board Charge are still under investigation by the NLRB.

20.   The State Court Action repackages the allegations contained in and addressed by the Board Charge and the Second Board Charge as state law causes of action.

21.   The Complaint alleges that Plaintiff was disciplined, interrogated, and discharged for his union activities.

22.   The Complaint alleges that Plaintiff was disciplined and discharged for his concerted activities.

23.   The Complaint details significant concerted activities on behalf of Plaintiff.

24.   Although the Complaint alleges a hallmark concerted activity – union organizing – it also alleges that Plaintiff spoke with his co-workers regarding group-wide issues, voiced complaints on behalf of his co-workers regarding group-wide issues, and that Plaintiff was disciplined and discharged for these group-wide, concerted activities.

25.   In fact, Paragraph 152 of the Complaint explicitly alleges that Plaintiff was discharged "for participating in and organizing employees in an attempt to form a union. . . ."

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

26.     Consistent with the Board Charge and the Second Board Charge, Paragraph 21 of the Complaint alleges that Plaintiff and other employees began to discuss forming a union in order to address grievances about workplace issues.

27.     Paragraphs 22 and 23 of the Complaint allege that Plaintiff and other employees reached out to a union in late 2019.  The Complaint alleges that a union meeting was held and Plaintiff then began to ask his fellow employees if they would join a union with him.

28.     Paragraph 59 of the Complaint alleges that the employer threatened Plaintiff and other employees once Plaintiff's union activities were known by the employer.

29.     The Complaint, also consistent with the Board Charge and the Second Board Charge, further alleges that Plaintiff spoke with and acted in concert with other employees in order to change or correct the terms and conditions of employment.

30.     The Complaint further alleges that Plaintiff presented group-wide complaints to Defendant and was acting on behalf of Plaintiff and his co-workers.

31.     Paragraphs 47 and 48 of the Complaint allege that Plaintiff acted on behalf of his co-workers when he presented group wide employment issues to the employer.

32.     The Complaint, as with the Board Charge and the Second Board Charge, that Defendant retaliated against Plaintiff and disciplined Plaintiff for his concerted activities.

33.     The Complaint, consistent with the Board Charge and the Second Board Charge, alleges that Plaintiff was interrogated regarding his union activities.

34.     The Complaint further alleges that Defendants took actions following Plaintiff's discharge in further retaliation for Plaintiff's union and other concerted activities.

35.     Section 7 of the National Labor Relations Act (the "NLRA") protects

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331.1367(a) AND 1441(a)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

employees engaging in "concerted activities" for the purpose of "mutual aid or protection."  29 U.S.C. §157.

36.    To be protected by Section 7, an employee's conduct must be both "concerted" and engaged in for the purpose of "mutual aid or protection."  *Fresh & Easy Neighborhood Market*, 361 NLRB 151, 153 (2014).

37.    The NLRB has held that mutual aid or protection includes employees "seeking to improve terms and conditions of employment or otherwise improve their lot as employees."  *Fresh & Easy Neighborhood Market, Inc.*, 361 NLRB 151, 153 (2014).

38.    Concerted activity is defined by the NLRB "as activity which is 'engaged in with or on the authority of other employees, and not solely by and on behalf of the employee himself.'"  *Sheffield Barbers, LLC*, 2018 NLRB LEXIS 360 *79 (August 27, 2018) (citing *Meyers Industries*, 268 NLRB 493 (1983)).

39.    Section 8 of the NLRA prohibits an employer from interfering with, restraining, or coercing an employee based on concerted activities.  29 U.S.C. § 158(a)(1).

40.    The Supreme Court set forth the *Garmon* preemption in *San Diego County Dist. Council of Carpenters v. Garmon*, 436 U.S. 180 (1978).  The *Garmon* preemption requires state and federal courts to defer to the NLRB.  *Id.* at 244-45. To qualify for preemption, the conduct asserted by the plaintiff has to be arguably subject to Sections 7 or 8 of the NLRA in order to avoid state interference with national labor policy.  *Id.*

41.    The Complaint explicitly alleges conduct that is governed exclusively by the NLRB.

42.    In addition, the Supreme Court has held that the *Garmon* preemption is a complete preemption doctrine.  Under the complete preemption doctrine, the Supreme Court has concluded "that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

stating a federal claim for purposes of the well-pleaded complaint rule." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1394 (9th Cir. 1988) (*citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 2430, 96 L. Ed. 2d 318 (1987)); *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003) (An exception to the well-pleaded complaint rule occurs "when a federal statute wholly displaces the state-law cause of action through complete pre-emption").

43.   Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

44.   One or more of the causes of action set forth in the Complaint arise under Sections 7 and 8 of the NLRA and, therefore, the causes of action are preempted by the *Garmon* preemption.

45.   Where the NLRA's provisions are "almost identical" to the state statute at issue, there is a clear case for *Garmon* preemption. *Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters*, 436 U.S. 180, 192, 98 S. Ct. 1745, 56 L. Ed. 2d 209 (1978) (*quoting Garner v. Teamsters, Chauffeurs & Helpers Local Union No. 776 (A. F. L.)*, 346 U.S. 485, 488, 74 S. Ct. 161, 98 L. Ed. 228 (1953)); *see also Henry v. Intercontinental Radio, Inc.*, 155 Cal. App. 3d 707, 715, 202 Cal. Rptr. 328 (1984) (noting that plaintiff had properly conceded that section 923 claim was "most susceptible to preemption as it parallels 'counterpart provisions in the NLRA'").

46.   Moreover, "the preemptive effect of *Garmon* cannot be avoided by reference to California 'public policy' violations, such as violations of [Labor Code] Section 923." *Pantazis v. Fior D'Italia, Inc.*, No. C 94-1094-FMS, 1994 U.S. Dist. LEXIS 13622, 1994 WL 519469, at *6 (N.D. Cal. Sept. 20, 1994); *Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348, 1350 (9th Cir. 1984) (Plaintiffs' alleged "[v]iolations of an employee's right to engage in concerted activities are within the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

exclusive jurisdiction of the NLRB"); *Clayton v. Pepsi Cola Bottling Grp.*, No. CIV.A. CV85-5957-WMB, 1987 U.S. Dist. LEXIS 13497, 1987 WL 46230, at *7 (C.D. Cal. Mar. 3, 1987) (holding that wrongful discharge in violation of section 923 claim "must be viewed as essentially identical to an unfair labor practice claim under section 8 of the National Labor Relations Act" and therefore within NLRB's exclusive jurisdiction).

47.     This Court has supplemental jurisdiction over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution" pursuant to 28 U.S.C. § 1367(a).

48.     Any causes of action in the Complaint that is not completely preempted by the *Garmon* preemption arise from the same case or controversy as the claims that are preempted.

49.     All of the claims arise out of Plaintiff's employment and the termination of Plaintiff's employment.

50.     Based on the *Garmon* preemption, this Court has original jurisdiction over the State Court Action.

**WHEREFORE**, Defendant respectfully removes this action from the Superior Court of the State of California, for the County of Los Angeles, bearing case number 20STCV43481, to this Court, pursuant to 28 U.S.C. §§ 1331, 1367(a), and 1441(a).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

4846-3503-4834.2                                        9

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury in this action.

DATED:  November 25, 2020        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____

MELISSA T. DAUGHERTY
Attorneys for Defendants, THE YOUNG TURKS, INC., CENK UYGUR, JACK GERARD, JUDITH BENEZRA AND ANA KASPARIAN

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW